In May 1995 the Limestone County Commission (Commission) filed a complaint against Burnett Used Auto Parts (Burnett). The complaint alleged that Burnett's premises contained "inoperable motor vehicles, used motor vehicle tires, junk, debris, or salvaged material prohibited and declared to be a public nuisance by said Act No. 94-671 of the 1994 Alabama Legislature."
Burnett filed an answer, denying the allegations of the complaint and asserting that Act No. 94-671 was vague, unconstitutional, and inapplicable. Burnett properly served the Attorney General's office, which waived further notice and participation.
The parties, by agreement, submitted the case to the trial court on a stipulation of facts and briefs.
Thereafter, the trial court issued an order, finding that Act No. 94-671 applied to Burnett. The trial court further found that Act No. 94-671 was not unconstitutionally vague because "a person of common intelligence reading Act No. 94-671 would receive adequate notice [that] a business like that operated by Burnett was required to obtain a junkyard license from the [Commission]." The trial court also found that Act No. 94671 was not a zoning ordinance. The order stated the following, in pertinent part:
 "[Burnett] is enjoined . . . from continuing to operate an unlicensed junkyard at the present location until such time as a valid license to operate said junkyard is issued by the [Commission]."
Burnett appeals. This case is before this court pursuant to Ala. Code 1975, § 12-2-7(6).
Burnett contends the following: (1) Act No. 94-671 does not apply to Burnett, (2) Act No. 94-671 is unconstitutional and violates the equal protection and due process clauses because of its vagueness, (3) the provisions of Act No. 94-671 constitute a zoning ordinance, which has no application to Burnett. *Page 173 
As previously noted, the parties submitted the case to the trial court on stipulated facts. The stipulated facts stated the following, in pertinent part:
 "3. [Burnett], at all times pertinent hereto, was and is in charge or in control of premises within the unincorporated territory of Limestone County, Alabama, that contains more than one inoperable motor vehicle, more than one motor vehicle without a current license tag, used motor vehicle tires, used motor vehicle parts and salvage. The premises of [Burnett], being used in [its] used auto parts business, are located within 1,000 feet of the nearest edge of the right-of-way of a public highway in Limestone County, Alabama, and is not screened by natural objects, plantings, fences, or other appropriate means so as not to be visible from the highway. [Burnett] has not had or obtained at any time pertinent hereto a license from the . . . Commission through the County License Commissioner or other like official under the provisions of Act. No. 94-671.
". . . .
 "6. At all pertinent times relevant to this petition, including the time of the citations issued by the . . . Commission, [Burnett] was licensed as an Automotive Dismantler and Parts Recycler, the license being issued pursuant to Alabama Code Section 40-12-410 and 40-12-425."
First, Burnett contends that Act No. 94671 does not apply to it because, it says, Ala. Code 1975, §§ 23-1-240 through -251, known as the "Highway Beautification Act — Junkyard Control," applies to all Alabama counties. Burnett points out that Ala. Code 1975, § 23-1-244, provides that the director of the State of Alabama Highway Department "shall have the sole authority to issue licenses for the establishment, maintenance and operation of junkyards within the limits defined in this division. . . ." (Emphasis added.)
However, while the stipulated facts stated that Burnett "was licensed as an Automotive Dismantler and Parts Recycler," pursuant to Ala. Code 1975, §§ 40-12-410 through -425, the stipulated facts did not state that Burnett was licensed under the Highway Beautification Act. Further, we would note that the stipulated facts did not state that Burnett's business operation was within the limitations of the Highway Beautification Act.
Section 1 of Act No. 94-671 states that the act was enacted for "[t]he regulation of the accumulation and storage of junk, inoperable motor vehicles, and other litter within the unincorporated area of Limestone County. . . ." The stipulated facts stated that Burnett "was and is in charge or in control of premises within the unincorporated territory of Limestone County, Alabama." Consequently, we find nothing to support Burnett's contention that Act No. 94-671 does not apply to it.
Second, Burnett contends that Act No. 94-671 is unconstitutional and violates the equal protection and due process clauses because of its vagueness. We find the following in Langham v. State, 662 So.2d 1201, 1206
(Ala.Crim.App. 1994), regarding the standard by which a court should judge whether a statute is unconstitutionally vague:
 "Hunt v. Anderson, 794 F. Supp. 1557, 1564
(M.D.Ala.), aff'd 976 F.2d 744 (11th Cir. 1992), quoted the standard enunciated by the United States Supreme Court in Connally v. General Construction Co., 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322
(1926), on which to judge whether a statute violates due process of law on the basis of vagueness:
 " '[A] statute which either forbids or requires the doing of an act in terms so vague that [persons] of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law.'
 "See also Ex parte Woodard, 631 So.2d 1065
(Ala.Crim.App. 1993)."
Section 4(a) of Act No. 94-671 provides the following:
 "No person shall establish, operate, or maintain a junkyard containing any items listed in Section 1 of this act, but not limited to those items, any portion of which is within 1,000 feet of the nearest edge of the right-of-way of any highway, *Page 174 without obtaining a county license to do so from the county commission through the county license commissioner or other like official. No license shall be granted except for those junkyards which are screened by natural objects, plantings, fences, or other appropriate means so as not to be visible from the highway. The operation of an unlicensed junkyard required to be licensed pursuant to this section constitutes a public nuisance."
(Emphasis added.)
Clearly, "a person of common intelligence reading Act No. 94-671 would receive adequate notice [that] a business like that operated by Burnett was required to obtain a junkyard license from the [Commission]." Therefore, Act No. 94-671 is not unconstitutionally vague.
Last, Burnett contends that the provisions of Act No. 94-671 constitute a zoning ordinance, which has no application to Burnett because, it says, a property owner has a right to continue a nonconforming use of his property until such right is lost through abandonment.
In Alabama Alcoholic Beverage Control Board v. City ofBirmingham, 253 Ala. 402, 407, 44 So.2d 593, 597-98 (1950), our supreme court defined the term "zoning" as follows:
 "Zoning as ordinarily used has to do with the structural design of buildings or the use to which buildings within designated districts may be put. An examination of section 772, Title 37, Code of 1940, shows that the purpose of the zoning statutes is to divide the territory within the corporate limits of a city into business, industrial and residential zones or districts and provide the kind, character and use of structures and improvements that may be made or erected therein."
(Citations omitted.)
Act No. 94-671 does not attempt to regulate the use of buildings or to prohibit the operation of a junkyard in any particular area of the unincorporated territory of Limestone County. However, as previously noted, Act No. 94-671 requires that the owner of a junkyard located within 1,000 feet of the right-of-way of a highway must obtain a county license to operate the junkyard. Consequently, Act No. 94-671 is not a zoning ordinance.
In light of the foregoing, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala. Code 1975, § 12-18-10(e).
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.